UNITED STATES DISTRICT COURT
FOR THE
EASTERN DISTRICT OF WISCONSIN

BRUCE LESZCZYNSKI, JR. )
)
      Plaintiff, )
)
   v. ) **Case No.:**
)
**KOHLS DEPARTMENT STORES,** ) **Jury Trial Demanded**
**INC.,** )
)
      Defendant. )

# COMPLAINT

BRUCE LESZCZYNSKI, JR. ("Plaintiff"), by and through his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against KOHLS DEPARTMENT STORES, INC, ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227 *et seq.* ("TCPA,").

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331. See Mims v. Arrow Fin. Services, LLC, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012).

3. Defendant conducts business in the State of Wisconsin and as such, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

**PARTIES**

5. Plaintiff is a natural person residing in West Allis, Wisconsin 53214.

6. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

7. Defendant is a corporation with its principal place of business located at N56 West, 17000 Ridgewood Drive, Menomonee Falls, Wisconsin 53051.

8. Defendant is a "person" as that term is defined by 47 U.S.C. §153(39).

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

10. Plaintiff has a cellular telephone number.

11. Plaintiff has only used this phone as a cellular telephone.

12. Beginning in or about March 2017 and continuing through April 2017, Defendant placed repeated harassing telephone calls to Plaintiff.

13. When contacting Plaintiff on his cellular telephone, Defendant used an automatic telephone dialing system and automatic and/or pre-recorded messages.

14. Plaintiff knew Defendant was utilizing an automatic telephone dialing system because the calls would include a recording before speaking to Defendant's representatives.

15. Defendant's telephone calls were not made for "emergency purposes."

16. Intending to halt these excessive and unwanted calls, Plaintiff spoke to Defendant in or early April 2017 and informed them that he had already made payment toward the account and requested that Defendant cease calling him.

17. Once Defendant was informed that its calls were unwanted and to stop, there was no lawful purpose to making further calls, nor was there any good faith reason to place calls.

18. Defendant heard and acknowledged Plaintiff's request to stop calling.

19. In spite of Plaintiff's repeated instruction to stop calling his cellular telephone, Defendant instead continued to call him multiple times per day thereafter.

20. These additional calls were frustrating, annoying and disruptive for Plaintiff to contend with on a daily basis.

21. Outraged that Defendant ignored his multiple demands to stop calling, Plaintiff ultimately downloaded a blocking application as a necessary means to stop Defendant's incessant calls.

22. Upon information and belief, Defendant conducts business in a way that violates the Telephone Consumer Protection Act.

## COUNT I
## DEFENDANT VIOLATED THE
## TELEPHONE CONSUMER PROTECTION ACT

23. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

24. Defendant initiated multiple automated telephone calls to Plaintiff's cellular telephone using a prerecorded voice.

25. Defendant initiated these automated calls to Plaintiff using an automatic telephone dialing system.

26. Defendant's calls to Plaintiff were not made for emergency purposes.

27. Defendant's calls to Plaintiff after early April 2017 were not made with Plaintiff's prior express consent.

28. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

29. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

30. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

WHEREFORE, Plaintiff, BRUCE LESZCZYNSKI, JR., respectfully prays for judgment as follows:

    a. All actual damages suffered pursuant to 47 U.S.C. §227(b)(3)(A);

    b. Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3)(B);

    c. Treble damages of $1,500 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

    d. Injunctive relief pursuant to 47 U.S.C. §227(b)(3); and

    e. Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, BRUCE LESZCZYNSKI, JR., demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

Dated: August 4, 2017

By: */s/ Joseph C. Hoeffel*
Joseph C. Hoeffel, Esq.
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Telephone: (215) 540-8888
Facsimile (215) 540-8817
Email: jhoeffel@creditlaw.com
Attorney for Plaintiff